DECISION
Defendant-appellant, Chad E. West, appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty of one count of trafficking in cocaine in violation of R.C. 2925.03, and one count of theft in violation of R.C. 2913.02. Defendant assigns a single error:
 THE TRIAL COURT ERRED WHEN IT ENTERED JUDGMENT AGAINST THE DEFENDANT WHEN THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION AND THE CONVICTION WAS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE AS TO THE TRAFFICKING IN CRACK COCAINE CHARGE, COUNT ONE OF THE INDICTMENT.
Because the judgment is supported by sufficient evidence and by the manifest weight of the evidence, we affirm.
By indictment filed June 8, 1999, defendant was charged with one count of trafficking in cocaine and one count of theft. After numerous continuances, some occasioned by changes of counsel for defendant, the case ultimately was tried on July 19, 2001. The jury rendered guilty verdicts on both counts, and the trial court sentenced defendant accordingly. Defendant appeals, asserting the judgment of the trial court is not supported by sufficient evidence or by the manifest weight of the evidence.
To the extent defendant challenges his conviction as not supported by sufficient evidence, we construe the evidence in favor of the prosecution and determine whether such evidence permits any rational trier of fact to find the essential elements of the offense beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, 260, paragraph two of the syllabus; State v. Conley (1993), Franklin App. No. 93AP-387.
When presented with a manifest weight argument, we engage in a limited weighing of the evidence to determine whether the jury's verdict is supported by sufficient competent, credible evidence to permit reasonable minds to find guilt beyond a reasonable doubt. State v. Thompkins (1997), 78 Ohio St.3d 380, 387 ("When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony"); Conley, supra. Determinations of credibility and weight of the testimony remain within the province of the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
According to the state's evidence, on March 18, 1999, Detective Troy Stevens was a narcotics detective with the Franklin County Sheriff's office. Through an informant, Stevens made arrangements to purchase one-half ounce of crack cocaine from defendant at Urban Hollow. Stevens was told defendant would be standing in front of an abandoned mobile home on Third Street, west of Augustus Avenue. When Stevens arrived with the informant, defendant was waiting for him. Stevens and the informant got out of the vehicle and the informant "asked [defendant] if he had it, and he said, `no, you have to go around the corner to get it,' and [Stevens] asked him if it was `good weight,' and he said `yes, a good fourteen.'" (Tr. 40.) Defendant also said the cost would be $500. (Tr. 15.)
After defendant entered Stevens' car, they drove to Urban Hollow Court, where defendant directed Stevens to park. Defendant said he "had to get out of the vehicle and go talk to some guys * * *." (Tr. 16.) Two men stood next to a four-door Honda Accord. Defendant had a brief conversation with them at that time, and then came back to Stevens' car and asked for the money. Stevens gave the money to the informant to give to defendant, as the informant had indicated she did not believe defendant would deal directly with Stevens because it was Stevens first time in the area. Ultimately the informant gave the money to defendant. Defendant went back to where the other men were standing, but defendant "took off running through the apartment complex." (Tr. 17.)
Defendant ultimately was apprehended after an officer, having been given a description of defendant's clothing, saw him walking down the street and counting money. Defendant was apprehended in the basement of an apartment, but did not have any money on his person. A search of the area near where defendant was found in the basement yielded $500 in cash.
R.C. 2925.03(A) states: "No person shall knowingly sell or offer to sell a controlled substance." Defendant states the evidence did not show defendant "knowingly" sold or offered to sell crack cocaine.
The only evidence before the jury was the state's case, subject to defendant's cross-examination; defendant presented no evidence. The state's evidence, construed in the state's favor, meets the elements of R.C. 2925.03. More particularly, the evidence showed that through the informant defendant arranged to sell a half ounce of crack cocaine to Detective Stevens at a cost of $500. Indeed, when Stevens and the informant pulled into the designated place expecting to meet defendant, defendant was waiting for them. In conversations that followed, defendant confirmed that he had a "good fourteen," which in street parlance means a half ounce of crack cocaine. He further indicated the cost was $500. He then directed Stevens and the informant to go to, and park at, the Urban Hollow Court.
While defendant never consummated the sale, he nonetheless offered to sell the crack cocaine, and took Stevens' money on that premise. Defendant's failure to actually produce the crack cocaine to Stevens does not negate defendant's actions in offering to sell the crack cocaine and taking the money offered in payment for the sale. State v. Scott (1982),69 Ohio St.2d 439 (holding transfer of the controlled substance is not necessary to conviction for "offering to sell" a controlled substance); State v. Stanik (1993), Cuyahoga App. No. 63963 (noting defendant clearly agreed to participate and arranged the location, time and price; finding in those facts evidence to support the "knowingly" element of R.C.2925.03). Defendant's conviction for trafficking is supported by sufficient evidence.
Moreover, defendant's cross-examination of Detective Stevens did not undermine the detective's testimony. Because the only evidence before the jury regarding the deal was Stevens' unaltered testimony, the jury's verdict is supported by the manifest weight of the evidence.
Defendant also was convicted of theft, but does not challenge the sufficiency or manifest weight of the evidence in support of that conviction.
Because defendant's conviction for trafficking in cocaine is supported by sufficient evidence and by the manifest weight of the evidence, we overrule defendant's single assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
BOWMAN and KLATT, JJ., concur.